**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-60673
Summary Calendar

IN THE MATTER OF: LAWYER WHEELER, SR.; RUBY S. WHEELER,

Debtors,

LAWYER WHEELER, SR.,

Appellant,

VERSUS

LAWRENCE M. MAGDOVITZ; ALEX B. GATES,

Appellees.

Appeal from the United States District Court
For the Northern District of Mississippi

March 30, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:

Lawyer Wheeler, Sr. ("Wheeler") appeals from a judgment of the district court sitting as an appellate court over a bankruptcy matter. Wheeler contends that the district court erred in affirming the bankruptcy court's determination that his legal malpractice claim against Lawrence M. Magdovitz is an asset of the bankruptcy estate. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Wheeler, through his attorney Lawrence M. Magdovitz, commenced a Chapter 7 bankruptcy proceeding on May 1, 1989. The petition,

1

prepared by Magdovitz and signed by Wheeler, indicated that the bankruptcy estate contained no assets. Pursuant to these misrepresentations, Wheeler's case was treated as though it had no assets.

On August 30, 1989, Wheeler received a discharge from his indebtedness. Approximately five years later, Wheeler was indicted and convicted for falsifying and concealing assets which should have been included in the bankruptcy estate.

Wheeler has now filed an action for legal malpractice against Magdovitz. Wheeler, a man of relatively little formal education, contends that he hired Magdovitz as his attorney to properly prepare and file his bankruptcy documents. Wheeler asserts that his bankruptcy fraud conviction resulted from Magdovitz's negligent handling of his bankruptcy action. After a hearing, the bankruptcy court entered an order finding that the legal malpractice claim against Magdovitz is owned exclusively by the Chapter 7 bankruptcy estate. The district court affirmed that decision on appeal.

DISCUSSION

Findings of fact made by a bankruptcy court are reviewed under the clearly erroneous standard, while conclusions of law are reviewed *de novo. Matter of Transamerican Natural Gas Corp.*, 978 F.2d 1209, 1415 (5th Cir. 1992).

A bankruptcy estate consists of "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The issue in this appeal is whether the state law malpractice claim against Magdovitz arose before the

2

commencement of the bankruptcy estate. Under Mississippi law, a cause of action does not accrue until an injury occurs. *Owens-Illinois v. Edwards*, 573 So.2d 704, 706-707 (Miss. 1990). Wheeler contends that he was not injured by Magdovitz's malpractice until he was indicted for bankruptcy fraud on June 10, 1994. He therefore urges this court to conclude that his malpractice claim against Magdovitz did not arise pre-petition.

Courts have taken several approaches to the question of how the term "claim," as used in the Bankruptcy Code, relates to unaccrued tort liability. Some courts have agreed with Wheeler's position in this case that a "claim" does not arise in bankruptcy until a cause of action has accrued under non-bankruptcy law. *See, e.g., Avefllino & Bienes v. M. Frenville Co. (In re M. Frenville Co.)*, 744 F.2d 332, 337 (3rd Cir. 1984). Other courts have rejected the accrual theory and have determined that a claim arises at the moment the conduct giving rise to the alleged liability occurred. *See, e.g., Grady v. A.H. Robins Co. (In re A.H. Robins Co.)*, 839 F.2d 198, 202-203 (4th Cir. 1988). Still other courts have determined that a claim arises at the time of the negligent conduct forming the basis for liability only if the negligent actor had some type of specific relationship with the debtor at that time. *See, e.g., In re Piper Aircraft Corp.*, 162 B.R. 619 (Bankr.S.D.Fla. 1994). In *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268 (5th Cir. 1994), after reviewing these various approaches to the problem, this court held that, at a minimum there must be evidence of pre-petition contact, privity or other relationship

between the tort-feasor and the injured claimant, thereby adopting the *Piper* middle ground approach to the question. However, the court added the caveat that:

> We do not here decide whether, if evidence of some pre-petition relationship between [the tort-feasor and the victims] had been adduced, we might nonetheless conclude that neither [of the parties] had a "claim". . . . We need not reach that question on this record.

*Lemelle*, 18 F.3d at 1277-78. It is clear in this case that Wheeler and Magdovitz had a pre-petition relationship sufficient to meet the *Piper* and *Lemelle* requirement.

Further, under Miss. Code Ann. § 15-1-49, a claim accrues when a plaintiff "discover[s], or by reasonable diligence should have discovered, the injury." Both the bankruptcy court and the district court invoked *In re Tomaiolo*, 205 B.R. 10 (Bankr. D. Mass. 1997), as authority for their decision. In *Tomaiolo*, a debtor's legal malpractice claim was filed after the debtor had been convicted of bankruptcy fraud. *Id.* at 11. Debtor Tomaiolo argued that the claim was not property of the estate since he had neither discovered nor incurred harm from the malpractice at the time of filing the bankruptcy petition. *Id.* at 13. The court disagreed with the debtor and found that the claim was property of the bankruptcy estate. *Id.* at 14. The court based its decision on the fact that the "bulk of the Debtor's claims" was based on the negligence of the attorney in providing prepetition advice and prepetition services and in preparing the petition to be signed by the debtor. *Id.* at 13. The court found particularly persuading the fact that the debtor signed the petition and schedules, which

4

pertained to his own assets and financial affairs. The court stated, "[The debtor] obviously should have known of any misstatements when he signed them. Prior to the filing, he should have discovered the alleged malpractice. This is sufficient to meet the discovery requirement under state law." *Id.* at 13. In this case, as in *Tomaiolo*, Wheeler should have discovered any discrepancies between his actual assets and those listed on his bankruptcy petition at the time he signed the petition. The bankruptcy filing consisted of relatively few pages and clearly misrepresented Wheeler's assets and liabilities. We also reject Wheeler's "uneducated person" argument. As the *Tomaiolo* court held, "Because the documents relate to his own assets and financial affairs, the Debtor faced no layman's difficulty in assessing the quality of his counsel's services in preparing them. All he had to do was read them." *Id.* at 14.

Finally, Wheeler's argument that his cause of action did not arise for bankruptcy purposes until he was "injured" by indictment is without merit. A debtor need not be aware of the full extent of his harm, since it is sufficient that he "knew, or should have known, that any false statements and concealments in his bankruptcy filing were transgressions which could bring about serious consequences." *Tomaiolo*, 205 B.R. at 14.

CONCLUSION

For the foregoing reasons, we AFFIRM the district court holding that the Chapter 7 bankruptcy estate owns Wheeler's cause of action against Magdovitz for legal malpractice.

5

AFFIRMED.