Janie PEREZ, Individually and as Representative of the Estate of Guadalupe G. Garcia, Decedent, Elisa G. Herrera, Mary G. Alcorta, Esther G. Baxley, Modesta Garcia, Sylvia G. O'Steen, Maria G. Aiken, and Sylvia P. Martin, Appellants,

v.

TODD SHIPYARDS CORPORATION, Appellee.

No. 14–97–01382–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 24, 1999.

Richard N. Countiss, Houston, for appellants.

James L. Ware, Richard A. Sheehy, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## OPINION

MAURICE E. AMIDEI, Justice.

This case was resolved in the trial court by summary judgment. Janie Perez, Individually and as Representative of the Estate of Guadalupe G. Garcia, Decedent, Elisa G. Herrera, Mary G. Alcorta, Esther G. Baxley, Modesta Garcia, Sylvia G. O'Steen, Maria G. Aiken, and Sylvia P. Martin (collectively as "Plaintiffs") brought this action against Todd Shipyards Corporation (Defendant) for gross negligence. Plaintiffs alleged that Defendant negligently caused the death of Guadalupe G. Garcia by exposing him to asbestos products during the term of his employment by Defendant. The trial court granted Defendant's motion for summary judgment on the ground that Plaintiffs' action was barred by Defendant's bankruptcy discharge.

On appeal to this Court, Plaintiffs maintain that the trial court erred in granting summary judgment in Defendant's favor because (1) their cause of action is not derivative of any cause of action possessed by the decedent, and (2) their cause of action did not accrue until after Defendant was discharged in bankruptcy. We reverse and remand.

### I. BACKGROUND

From 1954 to 1974, the decedent was employed as a laborer by Defendant. In 1988, the decedent began experiencing breathing problems and learned that he was suffering from a benign asbestos-related pleural disease. In 1992, the decedent was diagnosed with metastatic mesothelioma. Three months after the diagnosis was made, he died. Defendant filed its bankruptcy petition in 1987; its Chapter 11 bankruptcy plan was confirmed by the bankruptcy court in 1990.

Plaintiffs are the children of the decedent.

### II. STANDARD OF REVIEW

The standards for reviewing a summary judgment are well-established. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

### III. DISCUSSION

*Plaintiffs' Gross Negligence Action*

■ In its motion for summary judgment, Defendant asserts that Plaintiffs' cause of action is derivative of any action that the decedent may have possessed.[1] Therefore, Defendant argues that Plaintiffs' cause of action is subject to any defenses available to Defendant that it could have raised against the decedent. Specifically, Defendant argues that its "previously-obtained discharge in bankruptcy would have barred [the decedent] from recovering on any claims which he may have had against [Defendant]."

Plaintiffs contend that their cause of action is not a derivative action. Relying on article 16, Section 26 of the Texas Constitution and section 408.001 of the Labor Code, Plaintiffs maintain that their action is wholly independent of any action that the decedent may have possessed. *See*.

---

1. In its brief, Defendant states that Plaintiffs' cause of action was brought under the Texas Wrongful Death Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 71.002–.003 (Vernon 1997). There is nothing in the record of this matter to support Defendant's contention. The only cause of action pled in Plaintiffs' first amended original petition is gross negligence, pursuant to article 16, Section 26 of the Texas Constitution and section 408.001 of the Labor Code. *See* TEX. CONST. art. XVI, § 26; TEX. LABOR CODE ANN. § 408.001(b) (Vernon 1996).

TEX. CONST. art. XVI, § 26; TEX. LABOR CODE ANN. § 408.001(b) (Vernon 1996).

The Texas Constitution provides, in pertinent, the following:

Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

TEX. CONST. art. XVI, § 26; *see also Smith v. Atlantic Richfield Co.*, 927 S.W.2d 85, 87 (Tex.App.-Houston [1st Dist.] 1996, writ denied). To give effect to this constitutional provision, the Workers' Compensation Act includes the following clause:

This section [of the Workers' Compensation Act] does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

TEX. LABOR CODE ANN. § 408.001(b) (Vernon 1996); *see also Smith*, 927 S.W.2d at 87.[2] Citing two Texas Supreme Court cases, the court of appeals in *Smith* held that "as a matter of law the cause[s] of action for exemplary damages provided for in section 408.001(b) of the Labor Code *is still viable*, and the *surviving family* is entitled to see exemplary damages for the death of an employee caused by the employer's *gross negligence* or intentional act." 927 S.W.2d at 88 (citing *Universal Services Co. v. Ung*, 904 S.W.2d 638, 639–40 (Tex.1995); *Texa-*

co, *Inc. v. Sanderson*, 898 S.W.2d 813, 814 (Tex.1995)) (emphasis added); *see also Del Indus., Inc. v. Texas Workers' Comp. Ins. Fund*, 973 S.W.2d 743, 746 n. 5 (Tex.App.-Austin 1998, pet. granted).

The cause of action provided to the surviving family under the Texas Constitution and the Labor Code is not an action that could have been brought by the deceased. Consequently, we hold that Plaintiffs' cause of action for gross negligence against Defendant is not a derivative[3] action arising from any rights that may have been possessed by the decedent. *See id.; see also Wright v. Gifford–Hill & Co., Inc.*, 725 S.W.2d 712, 714 (Tex.1987); *Robertson v. Magnolia Petroleum Co.*, 255 S.W. 223, 224–25 (Tex.Civ.App.-Beaumont 1923, no writ). To the extent that the trial court's decision to grant summary judgment was based on Plaintiffs' action being derivative, we sustain Plaintiffs' first point of error.

*Effect of Defendant's Bankruptcy Discharge on Plaintiffs' Action*

 In its motion for summary judgment, Defendant asserts that because no "claim" was made against it by Plaintiffs prior to Defendant's bankruptcy confirmation, "any claims which [they] may have had against [Defendant] were discharged." *See* 11 U.S.C.A. § 101(5)(A) (1993).[4] Plaintiffs respond by arguing that they did not possess a "claim" to make against Defendant until more than one year after Defendant's bankruptcy was confirmed.

 The legislative history of Section 101(5) of the Bankruptcy Code indicates that Congress intended the term "claim" to be given broad interpretation so that "all legal obligations of the debtor, no mat-

---

**2.** *See also Scoggins v. Southwestern Elec. Serv. Co.*, 434 S.W.2d 376, 378–79 (Tex.App.-Tyler 1968, writ ref'd n.r.e.).

**3.** A claim that is derivative is one "which has not its origin in itself, but owes its existence to something foregoing." BLACK'S LAW DICTIONARY 443 (6th Ed.1990); *see also Fidelity & Deposit Co. of Maryland v. Conner*, 973 F.2d 1236, 1240–41 (5th Cir.1992).

**4.** Pursuant to the United States Bankruptcy Code,

(5) "claim" means—
(A) right to payment, whether or not such right is reduced to judgment, liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured....

11 U.S.C.A. § 101(5)(A) (1993).

ter how remote or contingent will be able to be dealt with in the bankruptcy case." [5] *Lemelle v. Universal Mfg. Corp.,* 18 F.3d 1268, 1275 (5th Cir.1994); *see also Wheeler v. Magdovitz,* 137 F.3d 299, 300–01 (5th Cir.1998). We note that while state law determines the existence of a claim based upon a cause of action, federal law determines when that claim arises for bankruptcy purposes.[6] *Hassanally v. Republic Bank,* 208 B.R. 46, 50 (B.A.P. 10th Cir. 1997) (citing *Johnson v. Home State Bank,* 501 U.S. 78, 83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991)). After analyzing several methods employed by other courts to determine when a cause of action accrues, in *Lemelle,* the court held that "a claim arises at the time of the negligent conduct forming the basis for liability *only* if the actor had some type of specific relationship with the debtor at that time." 18 F.3d at 1277 (emphasis added); *see also Wheeler,* 137 F.3d at 300–01.

Specifically, in *Lemelle,* the court stated that where the injury occurred more than three years after the debtor filed its petition and more than two years after the plan was confirmed, at a minimum, there must be evidence that would permit the debtor to identify, during the course of the bankruptcy proceedings, potential victims. *Id.* The court held that "even the broad definition of 'claim' cannot be extended to include [claimants] whom the record indicates were completely unknown and unidentified at the time [the debtor] filed its petition and whose rights depended entirely on the fortuity of future occurrences." [7] *Id.*

■ Similarly, here, the record shows that the injury giving rise to Plaintiffs' cause of action occurred more than five years after Defendant filed its bankruptcy petition and more than one year after the plan was confirmed. *See id.* Further, there is no discernable evidence in the record presented for our review to show that there was any "pre-petition contact, privity, or other relationship" between these Plaintiffs and Defendant. *See id.* at 1277. The record indicates that Plaintiffs were completely unknown and unidentified at the time Defendant filed its petition for bankruptcy.[8] *See id.* Consequently, we hold that these Plaintiffs did not possess bankruptcy "claims," as that term is defined, before Defendant's bankruptcy plan

---

**5.** *See also Fairchild Aircraft Corp. v. Cambell,* 184 B.R. 910, 932–34 (Bankr.W.D.Texas 1995) (holding that aircraft manufacturer's pre-bankruptcy-petition conduct resulting in injuries which occurred post-petition were not dischargeable because of notions of dues process and fundamental fairness). The court found that the legislative history of Section 101(5) provides a decisional matrix. "On the one hand, bankruptcy claims encompass the 'broadest' relief of the estate. On the other, bankruptcy claims can go no further that what is possible." *Id.* at 925. A " '[c]laim' ought not do what is 'not possible' in a court of law-it may not authorize courts to ride roughshod over due process and notions of fundamental fairness . . . ." *Id.* at 927.

**6.** Under Texas law, a cause of action accrues when the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. *Diaz v. Westphal,* 941 S.W.2d 96, 99 (Tex.1997); *Harrison County Finance Corp. v. KPMG Peat Marwick, LLP,* 948 S.W.2d 941, 946 (Tex. App.-Texarkana 1997, no writ).

**7.** Notably, in *Lemelle,* the court also stated that even if it found evidence of a pre-petition relationship between the debtor and the claimant, it might nonetheless conclude that the claimants did not possess a "claim" or that any such "claim" had not been discharged in bankruptcy. 18 F.3d at 1277–78; *see also Fairchild Aircraft Corp.,* 184 B.R. at 931–32 n. 25.

**8.** In its brief, Defendant does not contend that there was any pre-petition relationship between it and Plaintiffs; rather, in contending that Plaintiffs' claims were discharged, Defendant relies on the pre-petition relationship between it and the decedent. We are of the view, however, that the pre-petition relationship between the decedent and Defendant is immaterial in this case. This is because the remedy sought in this case is a personal remedy belonging to Plaintiffs that is not derivative of any cause of action possessed by the decedent. *See Smith,* 927 S.W.2d at 88; *Scoggins,* 434 S.W.2d at 379 (holding that the right to recover exemplary damages is personal).

was confirmed. *See Lemelle*, 18 F.3d at 1277–78; *Fairchild Aircraft Corp.*, 184 B.R. at 933–34. Their "right to payment" did not arise until after Guadalupe Garcia died. By that time, Defendant's bankruptcy plan had been confirmed approximately two years prior thereto. Plaintiffs' second point of error sustained.

The trial court erred in granting summary judgment in favor of Defendant. *See Nixon*, 690 S.W.2d at 548–49. This matter is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.