## TODD SHIPYARDS CORPORATION, Petitioner,

v.

## Janie PEREZ, et al., Respondents.

### No. 99–0697.

Supreme Court of Texas.

May 18, 2000.

Rehearing Overruled Oct. 12, 2000.

Richard A. Sheehy, James L. Ware, Houston, for Petitioner.

Richard N. Countill, John R. Fabry, John E. Williams, Jr., Ian P. Cloud, Houston, for Respondent.

Justice HECHT, joined by Justice OWEN, dissenting from the denial of the petition for review.

The issue in this case is whether an employer's discharge in bankruptcy bars a claim for the subsequent death of a former employee allegedly caused by the debtor's pre-petition conduct. Because this is an important issue that has already arisen in several cases and is likely to recur, and because the courts that have considered the issue are in disagreement, I would grant the petition and set oral argument. I respectfully dissent from the Court's summary denial of the petition.

Guadalupe Garcia worked for Todd Shipyards Corp. from 1954 to 1974. In 1987, Todd petitioned for reorganization under chapter 11 of the Bankruptcy Code. In 1988, Garcia was diagnosed with asbestos-related pleural disease and possible pulmonary asbestosis. That same year, he sued various defendants, alleging that his health problems had been caused by exposure at work to asbestos products that they had supplied to Todd. In 1990, the United States Bankruptcy Court confirmed Todd's plan of reorganization. In 1992, at the age of 80, Garcia contracted and died from metastatic mesothelioma. In 1994, Garcia's survivors obtained a judgment against the defendants in the 1988 suit, and Garcia's eight daughters brought this wrongful death action against Todd under article XVI, section 26 of the Texas Constitution.[1] (Such an action is not prohibited by the Workers' Compensation Act.[2]) The trial court granted summary judgment for Todd, holding that the plaintiffs' claim was barred by Todd's bankruptcy discharge. The court of appeals reversed, holding that as a matter of law, the plaintiffs' claim is not barred.[3]

Todd argues that the plaintiffs' action is a "claim" as defined by the Bankruptcy Code[4] that was discharged by confirmation of Todd's plan of reorganization. Whether a liability claim under state law constitutes a claim in bankruptcy is, of course, a matter of federal law. In the Fifth Circuit, the law appears to be that for a post-

---

1. "Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide."

2. Tex. Labor Code § 408.001(b).

3. 999 S.W.2d 31.

4. 11 U.S.C. § 101(5)(A) (stating that a claim includes "[a] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured").

petition claim of injury to be dischargeable in bankruptcy, the cause of injury must be traceable to the debtor's pre-petition conduct and some pre-petition relationship must have existed between the claimant and the debtor.[5] Garcia had a direct relationship with Todd, and thus any claim he had prior to confirmation of Todd's reorganization plan[6] should have been discharged in bankruptcy, but his daughters' only relationship with Todd was through their father. The court of appeals concluded that the plaintiffs' relationship with Todd was not sufficient for their claim to have been discharged, but on essentially identical facts,[7] the United States District Court for the Southern District of Texas has reached exactly the opposite conclusion.[8] Judge Rosenthal's memorandum opinion for the federal court refers to several other claims against Todd by other plaintiffs who appear to be similarly situated.

Todd also argues that the plaintiffs' claim is barred by the bankruptcy discharge because their claim is derivative of their decedent's rights, and any claim he had against Todd before his death was clearly barred by the bankruptcy discharge. This Court has held that a statutory wrongful death claim can be asserted only if the decedent could have maintained suit for his injuries immediately prior to his death.[9] Whether this same rule should apply to a constitutional wrongful death claim is an important issue.

These issues have been well and thoroughly briefed by exceedingly able coun-

sel, and I would hear argument and resolve them.

---

5. See *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1274–77 (5th Cir.1994); *In re Fairchild Aircraft Corp.*, 184 B.R. 910, 923–24 (Bankr. W.D.Tex.1995), *vacated on other grounds*, 220 B.R. 909 (Bankr.W.D.Tex.1998); *In re National Gypsum*, 139 B.R. 397, 406 (N.D.Tex. 1992).

6. *Cf. Childs v. Haussecker*, 974 S.W.2d 31 (Tex.1998) (accrual of cause of action for latent occupational disease); *Temple–Inland v. Carter.*, 993 S.W.2d 88 (Tex.1999) (no cause of action for fear of possible future disease).

7. 999 S.W.2d at 34–35.

8. *Williams v. Todd Shipyards Corp.*, Civil Action No. H–95–4592, slip op. at 14–18 (S.D.Tex. Feb. 12, 1997) (Rosenthal, J.); after final judgment, *aff'd on other grounds*, 154 F.3d 416 (5th Cir.1998) (table of cases).

9. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 347 (Tex.1992).