Affirmed and Majority and Concurring Opinions on En Banc Review filed
August 25, 2009








Affirmed and Majority and
Concurring Opinions on En Banc Review filed August 25, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00860-CV

_______________

 

MARJORIE ROSS, JOAN SEELBACK, TIMOTHY R. ROSS, JAMES
R. ROSS, BILLY R. ROSS, AND ROBERT R. ROSS, Appellants

 

V.

 

UNION CARBIDE CORPORATION, Appellee

                                                                                                                                               


On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2003-22885

                                                                                                                                                

 

C O N C U R R I N G   O P I N I O N  
O N   E N   B A N C   R E V I E W

It does not take an en banc court to
decide not to follow this court=s opinion in Perez v. Todd Shipyards Corporation.  The
case under review does not present a conflict between the holdings of two of
this court=s panels.  This case involves one prior panel holding (Perez) that
conflicts with and does not mention binding Supreme Court of Texas holdings and
a prior en banc holding of this court, all of which were decided before the
prior panel holding.  In this delicate circumstance, the law of stare decisis
dictates that the panel that heard arguments in this case should follow the
Supreme Court of Texas precedent rather than the prior panel opinion. 
Therefore, en banc review is not necessary to secure uniformity in this court=s decisions.  See Tex. R. App. P. 41.2(c). 








                                How
is stare decisis applied to prior panel opinions?

As this court previously has stated, Aabsent (1) a decision from a higher
court or this court sitting en banc that is on point and contrary to the prior
panel decision or (2) an intervening and material change in the statutory law,
this court is bound by the prior holding of another panel of this court.@  Clear Lake City Water Auth. v.
Friendswood Dev. Co., No. 14-07-00404-CV, 2008 WL 5131932, at *1 (Tex. App.CHouston [14th Dist.] 2008, pet.
filed) (mem. op.).  Generally, a subsequent panel of this court must follow the
holding of a prior panel.  See id.  However, this general rule does not
apply if, after the holding of the first panel, the applicable statutory law
materially changes or a contrary holding is mandated by a subsequent holding of
the Supreme Court of Texas or this court sitting en banc.  See id.  But
how is this rule applied when the prior panel holding contradicts a
higher-court holding or an en banc holding decided before the prior panel
holding?       

If, in its holding, the prior panel
applied or distinguished the higher-court or en banc precedent, then subsequent
panels are bound by the first panel decision, even if they think that the first
panel misapplied and contradicted the superior precedent.  See County of
Monroe, Florida v. U.S. Dep=t of Labor, 690 F.2d 1359, 1363 (11th Cir.
1982); Wilson v. Taylor, 658 F.2d 1021, 1034B35 (5th Cir. 1981).  If, however, the
prior panel holding conflicts with and makes no mention of the holding of a
higher court (or an en banc holding of this court) and that higher-court
holding is on point and contrary to the prior panel holding, then a panel of
this court is not bound by the prior panel opinion and instead should follow
the higher-court holding rather than the prior panel holding.  See Clear
Lake City Water Auth., 2008 WL 5131932, at *1; see also County of
Monroe, Florida, 690 F.2d at 1363; Wilson, 658 F.2d at 1034B35.  In this case, after oral
argument before a three-justice panel and before any opinion issued, a majority
of the en banc court voted to grant en banc review.  According to the majority
opinion, the purpose for granting en banc consideration was to overrule Perez.[1]









Could Perez be disregarded
without en banc review?

As correctly noted by the en banc
majority, in Perez, a panel of this court used an analysis and reached a
result that conflicts with four prior Supreme Court of Texas opinions and one
prior en banc opinion from this court.[2]  Though bound
by these five prior precedents, the Perez court did not base its
decision on them; indeed, the Perez court did not consider or even
mention any of these binding precedents.  See Perez v. Todd Shipyards Corp.,
999 S.W.2d 31, 32B33 (Tex. App.CHouston [14th Dist.] 1999), pet. denied, 35 S.W.3d
598  (Tex. 2000).  Although the majority correctly points out that Perez
was wrongly decided and should not be followed, the majority incorrectly
concludes that en banc review is necessary.  En banc consideration is not
favored and should not be granted absent extraordinary circumstances[3]
or a need to secure or maintain uniformity of this court=s decisions.  See Tex. R. App. P. 41.2(c). 








Because Perez conflicts with
and makes no mention of four prior Supreme Court of Texas opinions and one
prior en banc opinion from this court, under principles of stare decisis, the
panel to whom this case was argued would not be bound by Perez, and that
panel could and should decide this case by following this higher-court
authority rather than Perez.[4]  See In re
K.M.S., 91 S.W.3d 331, 331 (Tex. 2002) (noting that, in deciding cases
before them, intermediate courts of appeals must follow Supreme Court of Texas
holdings that are on point); Clear Lake City Water Auth., 2008 WL
5131932, at *1 (stating that a panel of this court need not follow a prior
panel holding if it is contrary to the holding of a higher court or of this
court sitting en banc); see also Wilson, 658 F.2d at 1034B35 (holding that even though a Fifth
Circuit panel is generally bound by the holding of a prior Fifth Circuit panel,
a panel should not follow a prior panel holding that conflicts with and makes
no mention of a prior holding of the Supreme Court of the United States); accord
County of Monroe, Florida, 690 F.2d at 1363.  Pursuing this course
rather than en banc review is not only permissible, but also preferable because
it would avoid the significant expenditure of judicial resources and attendant
delays and inefficiencies entailed by en banc consideration.[5] 


                   What is
accomplished by en banc review of this case? 

No decision this en banc intermediate
court could make with regard to Perez could possibly impact the choice
of which rule to apply.  This court must follow the higher court=s precedent whether Perez is
overruled or not.  Perez is not an alternate path.  There is simply no
point in granting en banc review to Adecide@ which rule to apply when the Supreme
Court of Texas already has decided.  See id.  Convening this court en
banc to overrule Perez serves no purpose, imposes an unwarranted burden
on the court=s resources, and is contrary to principles of stare decisis.

For these reasons, though I concur in
the court=s judgment, I respectfully disagree with the decision to consider this
case en banc.  

 

 

/s/        Kem Thompson Frost

Justice

 

En
banc court consists of Chief Justice Hedges, Justices Yates, Anderson, Frost,
Seymore, Guzman, Brown, and Sullivan, and Senior Justice Price.*  
(Guzman, J., majority) (Price, S.J., concurring) (Boyce, J., not
participating).









[1]  See ante at pp. 10B12.





[2]  Compare Perez, 999 S.W.2d at 32B33, with Travelers Indem. Co. of Ill. v.
Fuller, 892 S.W.2d 848, 851B52 (Tex. 1995);
Russell v. Ingersoll‑Rand Co., 841 S.W.2d 343, 345 (Tex. 1992);  Sullivan‑Sanford
Lumber Co. v. Watson, 155 S.W. 179, 180 (Tex. 1913); Thompson v. Fort
Worth & R.G. Ry., 97 Tex. 590, 80 S.W. 990, 991 (1904);  Suber v.
Ohio Med. Prods., Inc., 811 S.W.2d 646, 649B50 (Tex. App.CHouston [14th Dist.] 1991, writ denied) (en banc).  





[3] The majority does not claim, and there is no basis
for concluding, that there are extraordinary circumstances that require en banc
consideration.  See Tex. R. App.
P. 41.2(c). 





[4]  Indeed, the panel also could disregard Perez because,
as noted by the majority, Perez also conflicts with a Supreme Court of
Texas holding issued after Perez, that in In re Labatt Food Serv.,
L.P., 279 S.W.3d 640, 646 (Tex. 2009).





[5]  See Douglas H. Ginsburg, The Court En Banc,
59 Geo. Wash. L. Rev. 1008, 1018B21 (1991) (discussing the significant costs of en banc
consideration and concluding that, in the United States Court of Appeals for
the D.C. Circuit, the judicial resources consumed by one en banc consideration
probably are sufficient to dispose of three other appeals at the panel level).





*  Senior Justice Frank C. Price sitting by assignment.