Affirmed and Memorandum Opinion filed May 6, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00843-CV

___________________

 

Tommie Fay Darden, Henry Darden, Ronald
Darden, Kim K. Darden, and Klint K. Darden, Appellants

 

V.

 

Union Carbide Corporation,
Appellee



 



 

On
Appeal from the 11th District Court

Harris County,
Texas



Trial Court Cause No. 2007-17832

 



 

 

MEMORANDUM OPINION

            Appellants, Tommie Fay Darden, Henry Darden, Ronald
Darden, Kim K. Darden, and Klint K. Darden, appeal from the granting of a
motion for summary judgment in favor of appellee, Union Carbide Corporation. 
We affirm.

Factual and Procedural Background

            In
1989 Henry H. Darden and Tommie Fay Darden, alleging that Mr. Darden was
injured as a result of being exposed to asbestos while employed by appellee,
filed suit against numerous defendants.[1] 
Some of the defendants in this litigation were members of the Center for Claims
Resolution (“CCR”), a nonprofit consortium of twenty-one asbestos exposure
defendants formed in 1988 to act as agent for its member companies in asbestos
related litigation.  Appellee was a member of the CCR from its inception
through 2001, when the CCR stopped handling the defense of claims for its
members.  In 1990, a year after Henry H. Darden retired from his employment
with appellee, the Dardens’ attorney negotiated a payment from the CCR to the
Dardens in settlement of their asbestos exposure lawsuit.  While Union Carbide
was not a party to the underlying asbestos exposure lawsuit, the CCR included
Union Carbide as a party to the settlement and release (the “Release”).

            The
Release, in pertinent part, provides:

            WHEREAS, Henry H. Darden and Tommie Faye Darden
have agreed to settle and compromise their claim and cause of action asserted
and which could be asserted in said suit, including, but not limited to, each
and every cause of action for loss of consortium, personal injury, medical
expenses, past and future, and any future claim for alleged wrongful death
under the statutes and laws of the State of Texas, for and in consideration of
One Dollar ($1.00) and other good and valuable consideration paid herewith, for
and on behalf of the Releasees; and,

            WHEREAS, . . . the Releasees and the Releasors
. . . desire to enter into a final compromise and settlement of any and all
claims which they have or may hereafter have against the Releasees, for
injuries to Henry H. Darden, and any claim for injuries to Tommie Faye Darden,
including loss of consortium, mental anguish, or for the future death of Henry
H. Darden, arising directly or indirectly from such injuries;

NOW THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

            THAT WE, the Releasors Henry H. Darden and
wife, Tommie Faye Darden, . . . joined by our attorneys, . . . hereby fully and
finally RELEASE, ACQUIT and FOREVER DISCHARGE the Releasees from all claims,
demands, causes of action, including by example, but not limited to, express
and implied warranties, strict liability, negligence, debt, damages, punitive
damages that could be asserted for the death of Henry H. Darden, under any
applicable Wrongful Death and Survival Statutes, Worker’s Compensation liens,
attorney’s fees, judgment and expenses of any type whatsoever, in any manner
arising out of, or in any way connected with, directly or indirectly, the
exposure or occurrences of injuries to Henry H. Darden, above described, as
well as any consequence thereof, as well as any cause of action for damages
sustained or to be sustained by Tommie Faye Darden.

            This Release shall be construed as broadly as
possible with regard to the alleged injuries of Henry H. Darden and shall
include, but not be limited to, asbestosis, mesothelioma, cancer and any
disease of the body that could now or in the future may be alleged to be
related to the exposure of Henry H. Darden to asbestos-containing products of
any of the Releasees. . . .

            We intend this Release to be as broad and
comprehensive as possible so that the Releasees shall never be liable, directly
or indirectly, to us or our beneficiaries, heirs, successors, or assigns, or
any person, . . . claiming by, through, under or on behalf of us or them, for
any claims, demands, actions or causes of action of whatsoever nature or
character arising out of any illness of Henry H. Darden or damages to Tommie
Faye Darden in any way connected with the use of or exposure to various
materials and products manufactured, sold or distributed by the Releasees,
their predecessors, successors, distributors or assigns. 

            It is the express intention of the parties to
this Release that the consideration stated herein fully and completely
compensates and satisfies the Releasors for all injuries, damages, expenses and
all other claims released hereby.  The Releasors expressly contract that no
claim or cause of action of any type is reserved against any Releasees.  If any
other claims exist against Releasees, whether released herein or not, whether
foreseeable or unforeseeable, the Releasors hereby assign those claims in full
to the Releasees. . . .

            In consideration for the payment of the
aforesaid sum, Henry H. Darden and wife, Tommie Faye Darden, agree to indemnify
and hold harmless Releasees from any further payment of damages, incurred by or
on behalf of the Releasees as a result of any further claim by Henry H. Darden
and wife, Tommie Faye Darden, or their representatives, heirs or assigns. . . .

It is the intent and purpose of this agreement that at no
time will the Releasees be called upon to pay any further expense by reason of
any fact, matter or claim, directly or indirectly, or by way of any action for
indemnity or contribution, arising out of or predicated upon any claim, demand,
judgment or payment made by or to Henry H. Darden or Tommie Faye Darden, their
beneficiaries, successors, heirs or assigns, arising out of the injuries to
Henry H. Darden. . . .

[T]his agreement is and may be asserted by the Releasees as
an absolute and final bar to any claim or proceeding now pending or hereafter
brought. . . .

Additionally, for the above-described consideration,
Releasors, individually, and on behalf of their heirs, executors, legal
representatives and administrators, do hereby sell, transfer, convey and assign
to the Releasees any and all causes of action that have occurred or may ever
accrue to said claimants against the Releasees as result of or arising out of
allegations set forth in paragraph two (2) of this Release.

By our signatures below we represent that we understand
this Full and Final Release and Indemnity constitutes a final and complete
release of all claims regardless of their kind or character, including any
possible claim which might be discovered in the future.  We acknowledge that we
rely upon our own knowledge and information and the advice of our attorneys, as
to the nature, extent and duration of the injuries, damages, and our legal
rights, as well as the liability of the Releasees and freely acknowledge that
we have not been influenced by Releasees. . . .

            Following
Mr. Darden’s death, appellants filed suit against appellee asserting gross
negligence claims and seeking to recover exemplary damages.  Appellee answered
the lawsuit and asserted release as an affirmative defense.  In addition,
appellee counterclaimed for indemnity.  Appellee eventually moved for summary
judgment on both its affirmative defense as well as its indemnity
counterclaim.  The trial court granted appellee’s motion for summary judgment
on both its affirmative defense of release and on its indemnity counterclaim. 
This appeal followed.

 

Discussion

            On
appeal, appellants raise three issues in support of their contention that the
trial court erred when it granted appellee’s motion for summary judgment.  In their
first issue, citing this court’s opinion in Perez v. Todd Shipyards Corp.,
appellants assert that the Dardens could not validly settle, release, or assign
the gross negligence cause of action because that cause of action is not based
on any right held by Mr. Darden prior to his death but instead is an
independent cause of action provided for in the Texas Constitution and Labor
Code.  See Perez v. Todd Shipyards Corp., 999 S.W.2d 31 (Tex.
App.—Houston [14th Dist.] 1999, pet denied) (overrued by Ross v. Union
Carbide Corp., 296 S.W.3d 206 (Tex. App.—Houston [14th Dist.] 2009, pet.
filed.)).  In their second issue, appellants contend the trial court erred when
it granted appellee’s motion for summary judgment because the Release is
limited to product liability claims and does not cover the claims asserted by
appellants.  In their third and final issue, appellants suggest that if the
Release is construed as broadly as proposed by appellee, then it is void and
unenforceable because it covers work-related injuries.

These issues are not
new.  Recently, in Ross v. Union Carbide Corp., an appeal filed by the
same attorneys that currently represent appellants, we addressed, and rejected,
each of the arguments made by appellants in this case.  Ross v. Union
Carbide Corp., 296 S.W.3d 206 (Tex. App.—Houston [14th Dist.] 2009, pet.
filed).[2] 
In addition, in Ross, we expressly overruled Perez, the primary case
appellants’ rely on to support their arguments on appeal.  Id. at 214–16. 
Therefore, for the same reasons expressed in Ross, we overrule
appellants’ issues on appeal.

 

Conclusion

            Having
overruled each of appellants’ issues on appeal, we affirm the trial court’s
granting of appellee’s motion for summary judgment.

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Sullivan.

 









[1] In this opinion, we will
refer to Mr. and Mrs. Darden as “the Dardens” and the parties seeking relief in
this appeal, i.e. Tommie Fay Darden (Henry H. Darden’s wife), Henry Darden,
Ronald Darden, Kim K. Darden, and Klint K. Darden (Henry H. Darden’s surviving
children), collectively as appellants. 





[2] The release at issue in Ross
has language almost identical to that found in this case.  See Ross v. Union
Carbide Corp., 296 S.W.3d 206, 209–11 (Tex. App.—Houston [14th Dist.] 2009,
pet. filed.).