**Gloria Lou SMITH, David Glynn Smith, and Paula Satrece Petters, Appellants,**

v.

**ATLANTIC RICHFIELD COMPANY and Lyondell Petrochemical Company, Appellees.**

No. 01–95–00849–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 25, 1996.

Rehearing Overruled Aug. 6, 1996.

**86**

1. The Honorable Frank C. Price, former Justice,
 Court of Appeals, First District of Texas at Hous-

Brent M. Rosenthal, David Denny, Dallas,
James I. Potts, Houston, for Appellants.

Richard O. Faulk, S. Shawn Stephens, Houston, for Appellees.

Before SCHNEIDER, C.J., and COHEN, HUTSON–DUNN, MIRABAL, O'CONNOR, WILSON, HEDGES, ANDELL, TAFT and PRICE [1], JJ.

## OPINION ON REHEARING

ANDELL, Justice.

Appellees' motions for rehearing and rehearing en banc have been considered by the Court and are overruled. We withdraw our opinion of March 14, 1996, and issue this one in its place. In this appeal, we are asked to decide if the appellants, Gloria Lou Smith, David Glynn Smith, and Paula Satrece Petters (the family), may recover exemplary damages from the defendants, Atlantic Richfield Company and Lyondell Petrochemical Company (the companies), for the death of an employee. The trial court rendered summary judgment for the companies. In two points of error, the family contends the trial court erred in rendering summary judgment because: (1) Texas law provides a cause of action for exemplary damages against an employer whose gross negligence results in an employee's death and (2) the motion for summary judgment did not address the cause of action for intentional tort. We reverse.

### Background

Earl D. Smith worked for Atlantic Richfield Company and Lyondell Petrochemical Company, both of whom subscribed to the Workers' Compensation Act. In the course of his employment, Smith was exposed to various carcinogenic substances. He con-

ton, sitting by assignment.

tracted cancer and died in 1992. The family sued to recover exemplary damages from the companies, alleging Smith died as a result of the companies' gross negligence. The companies moved for summary judgment on March 17, 1992. The family filed their second amended original petition on March 24, 1992, adding a second cause of action for intentional misconduct. The trial court rendered summary judgment for the companies and dismissed the family's claims on April 10, 1995. The family's motion for new trial was overruled by operation of law and this appeal ensued.

### Death of an Employee

In point of error one, the family argues the trial court erred in ruling Texas law does not provide a cause of action for exemplary damages against employers whose gross negligence causes an employee's death.

#### 1. Standard of Review

Rule 166a(c) entitles a movant to summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer...." TEX.R.CIV.P. 166a(c). Ordinarily, a party appealing from the granting of summary judgment argues there is a genuine issue of material fact. *See, e.g., Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). However, the parties in this case do not argue the existence of a fact issue. The issue before us is whether the trial court properly determined as a matter of law the family's suit is barred.

#### 2. The Statutory and Constitutional Principles

 The heart of the companies' argument is that Smith could not have sued for his injuries had he survived, because his exclusive remedy was workers' compensation benefits; consequently, the surviving family also had no cause of action because of the limitations of the Wrongful Death Act. The Texas Wrongful Death Act provides, "This subchapter applies only if the individual injured would have been entitled to bring an action for the injury if he had lived." TEX.

CIV.PRAC. & REM.CODE ANN. § 71.003(a) (Vernon 1986). The Texas Workers' Compensation Act of 1989 states:

> Recovery of workers' compensation benefits is the *exclusive* remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

TEX.LAB.CODE ANN. § 408.001(a) (Vernon Supp.1996) (emphasis added). Unless a decedent would have been entitled to bring a cause of action had he lived, the survivors may not bring one. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 345 (Tex.1992). Therefore, the exclusive remedy provision in the workers' compensation statute bars a wrongful death action by the survivors. It does not, however, bar an action for exemplary damages based on the employer's gross negligence or intentional tort. The Texas Constitution provides:

> Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

TEX. CONST. art. XVI, § 26 (Vernon 1993). To give effect to this constitutional provision, the Workers' Compensation Act includes the following passage:

> This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

TEX.LAB.CODE ANN. § 408.001(b) (Vernon Supp.1996). The family argues their cause of action is permitted by this portion of the Act. The companies acknowledge section 408.001(b) would have saved a constitutional cause of action, but argue this cause of action has simply been assumed to exist. They rely on *Travelers Indem. Co. v. Fuller*, 892

S.W.2d 848, 853 (Tex.1995), to argue any constitutional cause of action has now been explicitly extinguished. We disagree. The plaintiff in *Fuller* was attempting to recover exemplary damages not from the employer, but from an insurance company. *Id.* at 849. Although the court noted the immunity granted to insurers by the Act was not required to yield to the constitutional provision, the court expressly distinguished this claim in dicta from a claim brought against an employer, as opposed to an insurance company:

> The former Workers' Compensation Act specifically provided for exemplary damages in wrongful death cases brought against *employers* where gross negligence is proved. *See Wright v. Gifford–Hill & Co.,* 725 S.W.2d 712 (Tex.1987). No such express provision is made for cases against insurers. Thus, this case does not involve exemplary damages "specifically provided for by the Act."

*Id.* at 852 n. 3. The court's holding in *Fuller* barred the plaintiff's claim against an *insurance company* because the Workers' Compensation Act barred the claim. *Id.* at 853. The Act, however, specifically provides for a cause of action against an *employer* whose gross negligence or intentional act causes the employee's death.

As the family notes, two cases decided after *Fuller* support the conclusion a claim for exemplary damages is still a viable cause of action. In *Texaco, Inc. v. Sanderson,* the Supreme Court of Texas considered two mandamus petitions challenging discovery rulings of the trial court. 898 S.W.2d 813, 814 (Tex.1995). The underlying suit was brought by the family of a Texaco employee who had died from exposure to toxic materials. *Id.* Without additional comment, the court noted the plaintiffs claimed damages for the employer's gross negligence under section 408.001 of the Texas Labor Code. *Id.* In *Universal Services Co. v. Ung,* 904 S.W.2d 638, 639–40 (Tex.1995), while considering the legal sufficiency of evidence of gross negligence, the Supreme Court of Texas noted, "Although Ung was covered by workers' compensation insurance, his family sought punitive damages from Universal for

gross negligence, a claim not preempted under the Workers' Compensation Act."

We hold as a matter of law the cause of action for exemplary damages provided for in section 408.001(b) of the Labor Code is still viable, and the surviving family is entitled to seek exemplary damages for the death of an employee caused by the employer's gross negligence or intentional act. We sustain point of error one.

### Unaddressed Cause of Action

■ ▉ After the companies filed their motion for summary judgment, but before a hearing was held on the motion, the family amended their pleadings to add a cause of action for intentional tort. The Workers' Compensation Act is the exclusive remedy for work-related injuries, except for intentional injury. *Reed Tool Co. v. Copelin,* 689 S.W.2d 404, 406 (Tex.1985). The second amended original pleadings clearly state a claim for "intentional misconduct." This claim is distinguishable from a claim for gross negligence. *Rodriguez v. Naylor Industries, Inc.,* 763 S.W.2d 411, 412 (Tex. 1989). It is reversible error to grant a motion for summary judgment on a cause of action not addressed in the motion. *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex.1993). In *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983), no defense was raised in the motion for summary judgment to a tort allegation set forth in plaintiff's petition; the court held summary judgment as to the unaddressed cause of action was error. A reply brief does not suffice to rebut a claim added in an amended pleading. *RR Publication & Prod. Co. v. Lewisville Indep. Sch. Dist.,* 917 S.W.2d 472 (Tex.App.—Fort Worth, 1996, n.w.h.); *see McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 339 (Tex.1993) (plurality opinion). A defendant must amend or supplement its motion for summary judgment after a petition is amended to address the new cause of action in order to dispose of the entire case. *Harris v. Varo, Inc.,* 814 S.W.2d 520, 526 (Tex. App.—Dallas 1991, no writ). The motion for summary judgment was not broad enough to encompass the petition as amended. We hold summary judgment was improperly ren-

dered on the family's cause of action for intentional tort. We sustain point of error two.

We reverse the judgment and remand this cause to the trial court.

SCHNEIDER, C.J., and COHEN, HUTSON–DUNN, MIRABAL, O'CONNOR, WILSON, HEDGES, ANDELL and TAFT, JJ., voted to deny rehearing en banc.