NO. 07-01-0305-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 20, 2002

_____


CLARA HENRY, TEMPORARY GUARDIAN OF THE PERSON
AND ESTATE OF DONNA LOTT SMITH,
AN INCAPACITATED PERSON, ET AL., APPELLANTS

V.

TRUCK OFFICE OF AMERICA, INC. AND
MILLENIUM INSURANCE SERVICES, INC., APPELLEES


_____

FROM THE PROBATE COURT NO. 1 OF HARRIS COUNTY;

NO. 298,667-401; HONORABLE RUSSELL AUSTIN, JUDGE

_____


Before BOYD, C.J., and QUINN and REAVIS, JJ.

Appellants Clara Henry, Temporary Guardian of the Person and Estate of Donna Lott

Smith, an incapacitated person, LaDonya Smith, Traci Smith, and Verlon Smith (collectively

the Smiths) present this appeal from a judgment that they take nothing on their action

against Truck Office of America, Inc. (Truck Office) and Millenium Insurance Services, Inc.

(Millenium) for the wrongful death of Walter Smith and for personal injuries sustained by Donna Lott Smith. Presenting one point of error, the Smiths contend the trial court erred in granting the summary judgment based on the contention that Truck Office and Millenium owed no legal duty because the Smiths produced sufficient evidence to support a duty arising out of Restatement (Second) of Torts § 324A (1965). Based on the rationale expressed herein, we affirm.

On the evening of May 22, 1998, a tractor-trailer truck owned and operated by Sprint Transportation became disabled and was stopped on the highway. The driver of the truck did not place any warning devices on the highway nor activate his emergency flashers. While Walter Smith and his wife, Donna Lott Smith, were traveling in the same direction as the truck was stopped, their vehicle collided with the truck. Walter was killed and Donna sustained disabling injuries. The Smith family filed suit against Sprint Transportation, the driver of the truck, and several other entities involved in ownership of the trailer. Suit was also filed against Truck Office and Millenium, who provided insurance coverage for Sprint Transportation. All claims were settled except those against Truck Office and Millenium. The Smiths contend on appeal that Truck Office and Millenium assumed or undertook two duties, to-wit:

- affirmatively undertook to improve Sprint Transportation's safety performance; and

- assumed a duty owed by Sprint Transportation to the traveling public-- the duty to operate its fleet safely.

2

Before consideration of the Smiths' point of error, we first set out the standard of review for a traditional motion for summary judgment.

STANDARD OF REVIEW

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

1. The movant for summary judgment h0as the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.]

3

1996, writ denied). Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be expressly presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). Where, as here, a summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ).

Millenium was the local retail insurance agent for Sprint Transportation. For several years before the accident, Truck Office, a general agent for the insurance carrier, had worked with Millenium in the placement and issuance of liability insurance for the trucks owned and operated by Sprint. Although the Smiths concede "that in the usual business setting a retail broker and a managing agent would have no duty to assist a client trucking company in safety issues," they contend that by its letter of November 26, 1997, Millenium, for itself and on behalf of Truck Office, affirmatively undertook to provide assistance to Sprint. According to the letter, the local agent compared the unit cost for the prior year and advised that the new rate would be higher because of the prior experience.[1] The letter concluded:

---

[1]The per unit cost for the prior year was $3,700 and the new cost was $4,008 on a monthly reporting basis.

Niecy, your cooperation and efforts to work on improving losses has helped before. John Kemp is being assigned to provide you with assistance and together we think that losses can be reduced and if they are we will all benefit.

John is planning a visit to your office next Tuesday and we need to review this status next week.

You know how much I appreciate your business and I am pleased to be able to offer this incentive to reduce the expense of insurance.

The Smiths contend that by this letter, Millenium and Truck Office assumed duties as provided by Restatement (Second) Torts § 324A (1965) as follows:

§ 324 A. Liability to Third Person for Negligent Performance of Undertaking

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increased the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

The duties which the Smiths alleged were undertaken or assumed were initially stated in their sixth amended petition. As material here, by that pleading, they alleged:

- Specifically, some one or more of the Insurance Defendants undertook the duty and responsibility of "screening" or "approving" drivers who sought employment with the Trucking Defendants.

5

• Furthermore, some one or more of the Insurance Defendants undertook the responsibility and duty to monitor the general safety practices of certain Trucking Defendants, including Sprint Transportation.

Without presenting any special exceptions to the Smiths pleadings,[2] by separate motions for summary judgment filed October 20 and 25, 2000, Millenium and Truck Office expressly alleged that they did not have any duty to (1) screen or approve Sprint's drivers or (2) monitor general safety practices of Sprint; however, before the motions were heard, the Smiths filed their seventh and eighth amended petitions.[3]

Claims Against Millenium

By their seventh amended petition filed January 2, 2001, the Smiths amended their claims regarding assumed duties. As restated, they contended that Millenium (1) undertook to provide the services set forth in the November 26, 1997 letter: to assign John Kemp to assist Sprint in reducing its losses and insurance claims, and (2) negligently performed its undertaking to obtain a report of the driver's record. Notwithstanding the substantial amendment of the Smiths' claims, Millenium did not amend its motion for

---

[2]*See* Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983); Higbie Roth v. Houston Shell & Concrete, 1 S.W.3d 808, 811 (Tex.App.--Houston [1st Dist.] 1999, pet. denied).

[3]The Smiths do not present a point or issue contending that Millenium and Truck Office should have amended or supplemented their motions for summary judgment. *See generally* Smith v. Atlantic Richfield Co., 927 S.W.2d 85, 88 (Tex.App.--Houston [1st Dist.] 1996, writ denied) (holding that a motion for summary judgment be amended or supplemented after a petition is amended to address new causes of action and to dispose of the entire case).

summary judgment to address them, but instead presented its motion to the trial court, which was granted by order signed January 11, 2001.[4]

## Claims Against Truck Office

The Smiths' pleadings were again amended by an eighth amended petition filed on February 20, 2001. By this amendment, Smith alleged that Truck Office (1) undertook to provide the services per the November 26, 1997 letter and to assign John Kemp to assist Sprint in reducing its losses and insurance claims, and (2) that the undertaking to obtain a driving record was "negligently obtained."[5] Truck Office did not amend its motion to address the amended claims, but instead presented its motion for summary judgment, which was granted by order signed March 2, 2001.

After the two motions were granted, the Smiths announced a settlement with other parties. Then, on June 29, 2001, the trial court signed a Modified Final Judgment which, among other things, provided that based upon the two summary judgments, the Smiths take nothing against Millenium and Truck Office. Neither order granting summary judgment specifies or states the grounds relied on by the trial court. Although the motions were not presented as no-evidence motions under Rule 166a(i), by their point of error, the Smiths assert that they produced sufficient evidence to support two duties:

---

[4]The order bears date of March 2, 2000; however, other portions of the record and letter from counsel to the clerk requesting the record confirm that the order was signed on March 2, 2001.

[5]The second duty alleged was directed to Millenium; however, its motion for summary judgment had already been signed at the time of the amendment.

- affirmatively undertook to improve Sprint Transportation's safety performance; and
- assumed a duty owed by Sprint Transportation to the traveling public-- the duty to operate its fleet safely.

Based upon our examination of the record, the two alleged duties were not raised in the trial court.

Issues to be tried are defined by the pleadings and the pleadings should give fair and adequate notice of the facts upon which the party relies so that the other party may properly prepare a defense. Murray v. O & A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982). Because the pleadings "on file at the time of the hearing" are the controlling pleadings for purposes of summary judgment practice, *see* Rule 166a(c) of the Texas Rules of Civil Procedure, and only issues "expressly presented" may be considered on appeal as grounds for reversal, *Clear Creek Basin Authority*, 589 S.W.2d at 673, we must determine which of the duties set out in the seventh and eighth petitions comport with the two duties which the Smiths contend were established for summary judgment purposes by their summary judgment evidence. Our comparison of the duties alleged in the seventh amended petition[6] with the two duties raised by the Smiths on appeal demonstrates that the duties asserted on appeal were not presented in the trial pleading or otherwise. Similarly, the two duties asserted on appeal were not presented in the eighth petition.[7]

---

[6]The live pleading when Millenium's motion was granted.

[7]The live pleading when Truck Office's motion was granted.

8

As an appellate court, we are not authorized to reverse a trial court's judgment in the absence of properly assigned error. State Bd. of Ins. v. Westland Film Indust., 705 S.W.2d 695, 696 (Tex. 1986). Moreover, because the two duties which the Smiths contend were supported by their evidence and precluded summary judgment were not expressly presented by the live pleadings or otherwise in the trial court, they may not be considered for the first time on appeal as reasons for reversal of the summary judgment. *Clear Creek Basin Authority*, 589 S.W.2d at 678-79; *see also* Cox v. Klug, 855 S.W.2d 276, 279 (Tex.App.--Amarillo 1993, no writ). The Smiths' point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.