**Opinion issued February 24, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00097-CV

_____

**TURNER SPECIALTY SERVICES, L.L.C., Appellant**

**V.**

**MICHAELA HORN, INDIVIDUALLY AND AS NEXT FRIEND OF G.H. AND M.M., MINORS, AND ATRELLE HORN, Appellees**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-42026**

---

## MEMORANDUM OPINION

Appellant, Turner Specialty Services, L.L.C. ("TSS"), appeals from the trial court's order denying its motion to compel arbitration in the wrongful death case brought by appellees, Michaela Horn, individually and as next friend of G.H. and M.M., minors, and Atrelle Horn ("Atrelle") (collectively, the "Horns"), following

the death of Justin Horn ("Justin"). In its sole issue, TSS contends that the trial court abused its discretion in denying TSS's motion to compel arbitration because (1) the Horns' claims are subject to the arbitration agreement between TSS and Justin as their claims are derivative of Justin's rights, and (2) TSS did not waive its right to arbitrate.

We reverse and remand.

## Background

TSS provides turnaround maintenance services at refineries and petrochemical facilities in states along the Gulf of Mexico, including Alabama, Mississippi, Louisiana, and Texas. Justin was a TSS employee.

At the time of hire, Justin and TSS entered into a Dispute Resolution Agreement (the "DRA"). The DRA includes an arbitration agreement which provides, in relevant part:

> Both Employee and the Company agree to resolve any and all claims, disputes or controversies arising out of or relating to Employee's employment with the Company exclusively by binding arbitration to be administered by the American Arbitration Association (the "AAA") pursuant to its Employment Arbitration Rules and Mediation Procedures (the "Rules").

The DRA expressly exempts from arbitration:

> [C]laims or actions i.) seeking benefits pursuant to state workers' compensation or unemployment compensation statutes or regulations, ii.) for employee benefits which are subject to mandatory litigation and/or dispute resolution provisions contained in the applicable employee benefit plan document, iii.) to compel arbitration or to

2

enforce an arbitrator's award under this DRA, and/or iv.) by the Employee and/or the company for temporary and/or preliminary injunctive relief, or such other emergency injunctive and/or equitable relief until such time that an arbitrator may be appointed.

The DRA is governed by the Federal Arbitration Act (the "FAA").[1]

TSS contracted with Hunt Refining Company ("Hunt") to provide catalyst work at Hunt's refinery in Tuscaloosa, Alabama.[2] On March 26, 2019, Justin died while working as part of a catalyst crew on a turnaround project at Hunt's Alabama refinery.

## A.    Underlying Proceedings

On July 15, 2020, the Horns sued TSS, Hunt, and Edelhoff Technologies U.S.A., LLC ("Edelhoff"), asserting causes of action for negligence and gross negligence.[3]    The Horns later amended their petition to add TSS's parent corporation, Turner Industries Group, L.L.C. ("TIG"), and Total Safety, and it joined Justin's mother, Atrelle, as a plaintiff.

On September 4, 2020, TSS filed a special appearance challenging the trial court's personal jurisdiction over it and seeking dismissal of the Horns' claims. Hunt and TIG also filed special appearances. The parties extensively briefed the

---

[1]    *See* 9 U.S.C. §§ 1–16.

[2]    Catalyst work involves working in enclosed spaces, such as large tanks and reactors, in an inert atmosphere lacking oxygen.

[3]    Edelhoff and Hunt are not parties to this appeal.

issues related to the special appearances, and TSS participated in jurisdictional discovery.[4]

Following a hearing, the trial court denied TSS's special appearance on December 29, 2021.[5] TSS subsequently filed an interlocutory appeal.

TSS then filed an emergency motion to stay all discovery and pretrial proceedings pending resolution of its appeal. The Horns responded to TSS's motion, arguing that a stay was unwarranted. This Court denied TSS's emergency motion to stay.

While its interlocutory appeal was pending, TSS engaged in the following merits discovery:

- Served its initial disclosures;

- Responded to the Horns' requests for production, requests for admission, and interrogatories;

- Responded to co-defendant Edelhoff's requests for production and interrogatories;

- Propounded its request for disclosures on the Horns;

- Designated its experts;

---

[4] The jurisdictional discovery consisted of responding to the Horns' discovery requests, including two sets of interrogatories and requests for admission, producing documents related to TSS training records, participating in depositions of TSS and TIG employees, and participating in the deposition of a Hunt employee.

[5] In the same order, the trial court granted TIG's special appearance and denied Hunt's special appearance.

- Participated in a joint inspection of Hunt's refinery; and

- Participated in the deposition of a Total Safety employee.

On July 15, 2022, TSS filed an answer to the Horns' third amended petition—the live pleading—subject to its special appearance. Among its affirmative defenses, TSS asserted that the Horns' lawsuit was contrary to the DRA's arbitration agreement entered into by Justin and TSS, and the Horns should be compelled to arbitrate their claims against TSS.

On November 3, 2022, this Court affirmed the trial court's order denying TSS's special appearance.[6] TSS filed a petition for review in the Texas Supreme Court on February 21, 2023. The Texas Supreme Court denied TSS's petition on September 1, 2023 and denied its motion for rehearing on November 10, 2023.

### B.    Motion to Compel Arbitration

TSS moved to compel arbitration and stay the trial court's proceedings on November 15, 2023. It asserted that it was a subscriber to worker's compensation insurance and the Horns received workers' compensation benefits as a result of Justin's death. TSS further asserted that the Horns' remedy against TSS was

---

[6]    *See Turner Specialty Servs., LLC v. Horn*, No. 01-22-00031-CV, 2022 WL 16640624, at *1 (Tex. App.—Houston [1st Dist.] Nov. 3, 2022, pet. denied) (mem. op.).

therefore restricted to the recovery of punitive damages which required the Horns to establish that TSS was grossly negligent.

TSS further asserted that Justin and TSS had entered into a valid arbitration agreement and the Horns' gross negligence claim against TSS fell under the arbitration agreement. It asserted that the Horns' claim is provided for by Article XVI, Section 26 of the Texas Constitution and is asserted through the Texas Wrongful Death Act (the "WDA"), not separately from it. According to TSS, because the Horns' claim is a tort claim and not one for worker's compensation benefits, it is subject to the arbitration agreement.

Additionally, TSS argued that it did not waive its right to enforce the arbitration agreement because it had not substantially invoked the judicial process. In particular, TSS pointed out that it had not sent any written discovery and had only responded to written discovery served on it, and it did not seek or notice any depositions but instead had provided several witnesses for deposition upon counsel's request and the subject matter of those depositions was limited to jurisdictional questions. Although TSS attended a site inspection at the Hunt refinery, it did not initiate it. TSS asserted that it did not file any motions seeking a ruling on any issue other than personal jurisdiction. Finally, it attended the deposition of a Total Safety employee noticed by the Horns.

In their response to TSS's motion to compel, the Horns did not dispute that Justin entered into the DRA with TSS or that the DRA's arbitration agreement would apply to their claims if they were bound by the DRA. Rather, they asserted that there were two grounds barring arbitration of the case. First, they argued that they were not bound by the arbitration agreement entered into by Justin and TSS because the Texas Constitution empowers a wrongful death beneficiary to sue a decedent's employer for exemplary damages in cases of gross negligence that resulted in the death of the employee. They asserted that their constitutional claim was an independent cause of action and not derivative of the WDA and, thus, the arbitration agreement was not binding on them.

Second, they asserted that even if there were a binding arbitration agreement, TSS had waived its right to enforce that agreement. As an initial matter, the Horns argued that under the recent United States Supreme Court decision in *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), the only requirement to establish waiver is a showing that the party seeking to compel arbitration engaged in conduct that was inconsistent with invoking a right to arbitration, and the prejudice element had been removed. The Horns argued that TSS had acted inconsistently with a right to arbitrate by (1) not raising the issue of arbitration until after its special appearance was denied, (2) both responding to merits discovery that had been propounded on it and propounding merits discovery on

7

other parties, (3) designating its experts, (4) participating in a joint inspection of the Hunt refinery, and (5) participating in the deposition of a Total Supply employee and fact witness. The Horns argued that even under the traditional test for waiver, TSS waived its right to compel arbitration because it had substantially invoked the judicial process and it had prejudiced the Horns because the protracted appellate process related to TSS's special appearance required time, labor, and expense by the Horns' counsel as well as delayed the full development of the merits of the case for three years.

In its reply brief, TSS reiterated that the Horns' gross negligence claim seeking punitive damages was derivative of a claim under the WDA and, thus, they were bound by the arbitration agreement, and TSS did not waive its right to arbitrate by substantially invoking the judicial process.

Following a hearing, the trial court denied TSS's motion to compel arbitration on January 26, 2024. This interlocutory appeal followed.

**Standard of Review**

We review an order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or acts without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). "We defer to the trial court's factual

8

determinations if they are supported by evidence but review its legal determinations de novo." *Henry*, 551 S.W.3d at 115.

## Discussion

In its sole issue, TSS asserts that the trial court abused its discretion by denying its motion to compel arbitration because it established the existence of a valid arbitration agreement and the agreement bound the Horns as their claims, like all wrongful death claims, are derivative of the decedent's rights. Further, it asserts that it did not waive its right to arbitration because it did not substantially invoke the judicial process.

The Horns respond that, as non-signatories to the DRA, TSS can only compel arbitration against them if their gross negligence claims are derivative of Justin's rights. They assert that their gross negligence claims are independent and non-derivative because they arise under either Article 16, Section 26 of the Texas Constitution, or the Texas Workers' Compensation Act (the "TWCA"), or both, and therefore TSS cannot compel arbitration of their claims.[7] Alternatively, they argue that TSS waived its right to compel arbitration by its litigation conduct.

_____

[7] TSS argues that the Horns' assertion that they are suing exclusively under Article XVI, Section 26 of the Texas Constitution and Section 408.001(b) of the TWCA is incorrect because it contradicts the allegations in their third amended petition that they are suing TSS under the WDA. We note that although they asserted a wrongful death claim under the WDA, the Horns also pleaded that TSS was "grossly negligent and should be subjected to exemplary damages pursuant to § 408.0001(b) of the Texas Labor Code and other applicable law."

9

## A.    Governing Law

"At common law there was no recognized cause of action for the wrongful death of another person." *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 644 (Tex. 2009). "The Legislature enacted the Wrongful Death Act in order to create a cause of action to allow a deceased tort victim's surviving parents, children, and spouse to recover damages for their losses from the victim's death." *Id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.002–.004.

Under the WDA, "[a]n action for actual damages arising from an injury that causes an individual's death may be brought if liability exists under this section." TEX. CIV. PRAC. & REM. CODE ANN. § 71.002. Wrongful death beneficiaries may pursue a cause of action "only if the individual injured would have been entitled to bring an action for the injury if the individual had lived." *Id.* § 71.003(a). Stated differently, "statutory wrongful death beneficiaries' claims place them in the exact 'legal shoes' of the decedent, and they are subject to the same defenses to which the decedent's claims would have been subject." *In re Labatt*, 279 S.W.3d at 644 (internal quotations omitted). "[The Texas Supreme Court has] consistently held

---

A petition satisfies Texas's fair notice pleading standard so long as a party can ascertain from the pleading the nature, basic issues, and type of evidence that might be relevant to the controversy. *See* TEX. R. CIV. P. 45; *In re YRC Inc.*, 646 S.W.3d 805, 809–10 (Tex. 2022). Further, when, as here, a party fails to specially except, we construe the petition liberally in favor of the pleader. *See Brumley v. McDuff*, 616 S.W.3d 826, 831 (Tex. 2021). The Horns provided fair and adequate notice to TSS that they were pleading their gross negligence claim under the TWCA and the Texas Constitution. *See id.*

that the right of statutory beneficiaries to maintain a wrongful death action is entirely derivative of the decedent's right to have sued for his own injuries immediately prior to his death." *Id.*

In light of the derivative nature of claims brought under the WDA, "a decedent's pre-death contract may limit or totally bar a subsequent action by his wrongful death beneficiaries." *Id.* Contractual releases signed by the decedent apply to WDA claims. *Id.* at 645. Similarly, arbitration agreements signed by the decedent apply to WDA claims. *Id.* at 645–47. Thus, when a decedent signs an arbitration agreement, non-signatories who bring WDA claims "must arbitrate as their right to maintain a wrongful death action is entirely derivative of [the decedent's] rights." *Id.* at 649.

Article XVI, Section 26 of the Texas Constitution provides: "Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body . . . ." TEX. CONST. art. XVI, § 26.

Section 408.001 of the TWCA provides:

(a) Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

11

(b) This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

TEX. CIV. PRAC. & REM. CODE ANN. § 408.001.

## B.     Wrongful Death Cause of Action

The Horns acknowledge the derivative nature of claims brought under the WDA.  They argue, however, that separate and apart from the WDA, there is an independent, non-derivative cause of action for gross negligence for wrongful death under Article XVI, Section 26 of the Texas Constitution.  Alternatively, they assert that Section 408.001(b) of the TWCA—either independently or in conjunction with Article XVI, Section 26—provides an independent cause of action for gross negligence related to wrongful death.

In support of their position, the Horns cite several Texas Supreme Court decisions for the principle that, when interpreting the Texas Constitution, courts must "rely heavily on its literal text and must give effect to its plain language." *LaSalle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 619 (Tex. 2007); *see Eddington v. Dall. Police & Fire Pension Sys.*, 589 S.W.3d 799, 805 (Tex. 2019); *Garofolo v. Ocwen Loan Serv., L.L.C.*, 497 S.W.3d 474, 477 (Tex. 2016).  They reason that, under this literal text approach and consistent with contemporaneous dictionaries, Article 16, Section 26's language stating that anyone whose gross negligence results in another's death "shall be responsible" in exemplary damages

12

to the survivors means that there is an independent cause of action for gross negligence that results in wrongful death. We disagree.

In *Travelers Indemnity Co. of Illinois v. Fuller*, the Texas Supreme Court considered whether Article 16, Section 26 of the Texas Constitution creates an independent cause of action for punitive damages where no cause of action for compensatory damages otherwise exists. 892 S.W.2d 848, 849 (Tex. 1995). There, the plaintiff sued Travelers Indemnity Company of Illinois and Travelers Insurance Company (collectively, "Travelers"), alleging that Travelers' gross negligence proximately caused the death of her father. *See id.* Travelers moved for summary judgment arguing that it was immune from such suits under the TWCA. *See id.* The plaintiff asserted that the Texas Constitution, on its face, created a cause of action for punitive damages which did not depend upon her right to compensatory relief. *See id.* at 850.

The Court concluded that when the language of the Constitution was read in conjunction with the legal history existing at the time of its adoption, it was clear that its purpose was to resolve ambiguities existing in the statutory and common law of punitive damages, not to extend a right to punish which exceeded the right to compensatory relief. *See id.* at 850–52 ("Thus, the reason for adoption of the constitutional provision was to allow for exemplary damages *under the Wrongful Death Act* because of an early interpretation that such damages were not authorized

13

by the Act. It did not abrogate the common law requirement of actual damages and extend the remedy to those with no cause of action under the Act." (internal citations omitted)). The Court held that the TWCA barred the plaintiff's cause of action for compensatory damages and Article 16, Section 26 of the Texas Constitution guarantees the remedy of punitive damages only when a wrongful death beneficiary otherwise possesses a cause of action for compensatory relief. *See id.* at 853. It reversed the court of appeals' judgment and rendered judgment that the plaintiff take nothing on her claims. *See id.*

Applying *Fuller*, at least two other courts have reached the same conclusion. In *Ross v. Union Carbide Corp.*, an employee's survivors sued his employer, Union Carbide Corporation, for exemplary damages following the employee's death from an asbestos-related disease. 296 S.W.3d 206, 211 (Tex. App.— Houston [14th Dist.] 2009, pet. denied). Union Carbide successfully moved for summary judgment on the ground that the settlement and release agreement previously executed by the employee and his wife barred the survivors' claims. *See id.*

On appeal, the survivors denied that their claims were brought pursuant to the WDA. *See id.* Instead, they asserted that Article XVI, Section 26 of the Texas Constitution and Section 408.001 of the TWCA, alone or in combination, created

an exemplary damages cause of action that was independent of the WDA and non-derivative of the decedent's rights. *See id.* at 212.

The en banc court noted that, with respect to Article XVI, Section 26, the *Fuller* court had explained that the section's purpose was to allow for exemplary damages under the WDA because of an earlier interpretation that such damages were not authorized by the Act. *See id.* at 213 ("Thus, *Fuller* makes clear that a claim for exemplary damages under [A]rticle XVI, [S]ection 26 is asserted through the Wrongful Death Act, not separately from it."). The *Ross* court similarly rejected the survivors' argument that Section 408.001 of the TWCA created an independent, non-derivative cause of action; instead, it identified an exception to the TWCA's exclusivity provision. *See id.* at 214. The court clarified that "section 408.001(a) explains what the Workers' Compensation Act does—i.e., it provides an exclusive remedy for covered employees and their beneficiaries, substituting the right to statutory benefits for the right to recover actual damages from the worker's employer—and section 408.001(b) explains what the Act does not do—i.e., it does not prohibit certain of a covered employee's survivors from recovering exemplary damages from an employer who caused the employee's death through its intentional act or omission or its gross negligence." *Id.*[8]

---

[8] In holding that neither Article XVI, Section 26 of the Texas Constitution nor Section 408.001(b) of the TWCA created a non-derivative cause of action for exemplary damages independent of the WDA, the *Ross* court overruled its prior

15

In *Rush Truck Centers of Texas, L.P. v. Mendoza*, a surviving spouse initiated a gross negligence and workers' compensation lawsuit against her late husband's employer following his work-related death.  676 S.W.3d 821, 826 (Tex. App.—El Paso 2023, pet. denied).  The employer moved to stay proceedings and sought to compel the arbitration agreement electronically signed by the decedent. *See id.*  The trial court denied the employer's motion, and the employer appealed. *See id.*

On appeal, the surviving spouse asserted that her claims were independent, non-derivative causes of action under Article XVI, Section 26 of the Texas Constitution and Section 408.001 of the TWCA and fell outside the scope of the arbitration agreement.  *See id.* at 830.  After considering "the historical setting in which the provisions were enacted, along with the purpose of the TWCA and its statutory structure, and the plain language of § 408.001(b)," the *Rush* court concluded that "neither Article 16, § 26 of the Texas Constitution, nor § 408.001(b) of the Texas Labor Code, alone or in conjunction, create an independent cause of action for the recovery of exemplary damages for an employer's gross negligence." *Id.* at 835.

---

decision in *Perez v. Todd Shipyards Corp.*, 999 S.W.2d 31 (Tex. App.—Houston [14th Dist.] 1999*), pet. denied*, 35 S.W.3d 598 (2000).  *See Ross v. Union Carbide Corp.*, 296 S.W.3d 206, 215 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("In sum, *Perez* presents an unsupported and unsustainable departure from precedent.").

In their briefing, the Horns assert that this appeal is controlled by this Court's en banc decision in *Smith v. Atlantic Richfield Co.*, 927 S.W.2d 85 (Tex. App.—Houston [1st Dist.] 1996, writ denied). They assert that, under *Smith*, their gross negligence claims against TSS, whether arising under the Texas Constitution or the TWCA, or both, are independent and not derivative WDA claims and, thus, they are not bound to arbitrate their claims.

In *Smith*, the family members of a deceased worker sued to recover exemplary damages from the worker's employers alleging his death was caused by the employers' gross negligence. *See id.* at 86–87. The trial court granted the employers' motion for summary judgment and dismissed the family members' claims. *See id.* at 87. On appeal, the family members argued that the trial court erred in ruling that Texas law does not provide a cause of action for exemplary damages against employers whose gross negligence causes an employee's death. *See id.* The employers argued that the worker could not have sued for his injuries had he survived because his exclusive remedy was workers' compensation benefits, and therefore, his surviving family members also had no cause of action because of the limitations of the WDA. *See id.*

The *Smith* court stated that although the exclusive remedy portion of the TWCA barred a wrongful death action by the survivors, it did not bar an action for exemplary damages based on the employer's gross negligence or intentional tort.

17

*See id.* It noted that the family members argued that their cause of action was permitted by Section 408.001(b) of the Texas Labor Code. *See id.* The employers conceded that this provision would have saved a state constitutional cause of action but argued that *Fuller* "explicitly extinguished" any independent cause of action under Article XVI, Section 26 of the Texas Constitution. *Id.* at 87–88. The *Smith* court disagreed, noting that the plaintiff in *Fuller* was attempting to recover exemplary damages from an insurance company, not an employer, but the TWCA specifically provides for a cause of action against an employer whose gross negligence causes the employee's death. *See id.* at 88.

We disagree with the Horns' position that, under *Smith*, their gross negligence claims are independent, non-derivative claims under the Texas Constitution. Nothing in the *Smith* opinion indicates that the family members in that case pursued their claims under the Texas Constitution. To the contrary, the *Smith* court noted that the family members' position was that their claims were permitted by Section 408.001(b) of the Texas Labor Code.[9] *See id*. at 87. The Texas Supreme Court held in *Fuller* that the Texas Constitution does not create an independent, non-derivative cause of action for wrongful death arising from gross

---

[9] Additionally, neither of the two cases cited by the *Smith* court in its discussion and relied on by the family members—*Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995) and *Universal Services Co. v. Ung*, 904 S.W.2d 638 (Tex. 1995)— makes any reference to the Texas Constitution. *See Sanderson*, 898 S.W.2d at 814; *Ung,* 904 S.W.2d at 639–40.

18

negligence. *See Fuller*, 892 S.W.2d at 853. Rather, a claim for exemplary damages under Article XVI, Section 26 is asserted through the WDA, not separately from it. *See id.* at 851–52 ("[T]he reason for adoption of the constitutional provision was to allow for exemplary damages *under the Wrongful Death Act*. It did not abrogate the common law requirement of actual damages and extend the remedy to those with no cause of action under the Act.").

We find the Horns' claim—that *Fuller*'s statements about whether there is an independent cause of action under Article XVI, Section 26 are dicta— unpersuasive.[10] Indeed, the opinion in *Fuller* begins by stating: "In this case we must decide whether Article 16, Section 26 of the Texas Constitution creates an independent cause of action for punitive damages where no cause of action for compensatory damages otherwise exists." *Id.* at 852.

The Horns' assertion that this Court's opinion in *Smith* stands for the proposition that there is an independent, non-derivative cause of action for gross

---

[10] The Horns suggest that we should view *Fuller*'s reasoning as "suspect" because it focused on the "manifest *purpose* of the language of [the] constitutional provision" rather than being "faithful to the literal text approach that the Texas Supreme Court has recently emphasized." We decline the invitation to do so. *See City of New Braunfels v. Stop The Ordinances Please*, 520 S.W.3d 208, 224 (Tex. App.—Austin 2017, pet. denied) ("[A]s an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute."); *see also Lubbock Cty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of a court of appeals to abrogate or modify established precedent.").

19

negligence for wrongful death under Section 408.001(b) of the TWCA is equally unavailing. In *Smith*, the court considered whether the family members' claims were still viable because the decedent himself could not have sued for injuries had he survived due to the exclusive remedy for workers' compensation benefits. *Id.* at 87. The Horns are correct that the court in *Smith* held that the TWCA does not "bar an action for exemplary damages based on the employer's gross negligence or intentional tort." *Id.* It did not, however, hold that there is an independent, non-derivative wrongful death cause of action for exemplary damages. Rather, it applied the language of Section 408.001(b) which states that the exclusive remedy does not prohibit a surviving spouse or heirs from bringing a wrongful death suit for exemplary damages against the decedent's employer. *See id.* at 88.

Neither Article XVI, Section 26 of the Texas Constitution nor Section 408.001(b) of the TWCA, alone or in conjunction with one another, creates a non-derivative cause of action that may be asserted independently from the WDA. Because claims under the WDA are derivative of the decedent's claim, and Justin agreed to arbitrate all disputes (with exceptions not pertinent here), we hold that the Horns' gross negligence claims are subject to the DRA's arbitration agreement.

## C. Waiver

TSS next argues that it did not waive its right to arbitrate because it did not substantially invoke the judicial process. In response, the Horns assert that TSS impliedly waived its right to compel arbitration by its litigation conduct.

### 1. Applicable Law

A party who opposes the enforcement of a valid arbitration agreement[11] based on the defense of waiver bears the burden of proving the defense. *Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499–500 (Tex. 2015); *Pounds v. Rohe*, 592 S.W.3d 549, 554 (Tex. App.—Houston [1st Dist.] 2019, no pet.). "Due to the strong presumption against waiver of arbitration, [the] hurdle [to establish waiver] is a high one." *Perry Homes v. Cull*, 258 S.W.3d 580, 590 (Tex. 2008). Waiver—the intentional relinquishment of a known right—can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015). Courts can imply a waiver of the right to arbitrate from a party's conduct, but "that conduct must be unequivocal." *Perry Homes*, 258 S.W.3d at 593. A party asserting implied waiver as an affirmative

---

[11] The Horns do not challenge on appeal the existence of a valid arbitration agreement and other than asserting they are not bound by the DRA because they have an independent, non-derivative claim for gross negligence—an argument we have already rejected—they do not argue that their claims fall outside the scope of the arbitration agreement.

21

defense to arbitration bears the burden to prove (1) the party seeking arbitration substantially invoked the judicial process in a manner inconsistent with the right to compel arbitration, and (2) this inconsistent conduct caused the nonmoving party to suffer detriment or prejudice.[12] *G.T. Leach*, 458 S.W.3d at 511–12 (citing *Perry Homes*, 258 S.W.3d at 593–94). "Merely taking part in litigation" is insufficient to constitute waiver by litigation conduct. *Id.* at 512 (internal quotations omitted). However, "[s]ilence or inaction, for so long a period as to show an intention to

---

[12] The Horns assert that the United States Supreme's Court's decision in *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022) changed the waiver analysis under the FAA. In *Morgan*, the Supreme Court rejected any requirement of proof of prejudice as an "arbitration-specific" federal procedural rule. *See id.* at 416–19. Neither the Texas Supreme Court nor this Court have addressed whether *Morgan* abrogates the requirement in Texas jurisprudence that a party seeking to establish waiver of the right to arbitrate must establish both (1) substantial invocation of the judicial process and (2) prejudice as a result of the opposing party's inconsistent conduct. *Humphries Constr. Corp. v. Highland Vill. Ltd. P'ship*, No. 01-23-00651-CV, --- S.W.3d ---, 2025 WL 2471797, at *12 (Tex. App.—Houston [1st Dist.] Aug. 28, 2025, no pet.); *see also Preferred Pools of Houston, Inc. v. Gossai*, No. 14-23-00635-CV, 2024 WL 4457032, at *7 (Tex. App.—Houston [14th Dist.] Oct. 10, 2024, no pet.) (mem. op.) ("Whether [*Morgan*'s holding] would govern in state court as a matter of procedure is unsettled and a matter for the Texas Supreme Court to determine."); *Momentum Project Controls, LLC v. Booflies to Beefras LLC*, No. 14-22-00713-CV, 2023 WL 4196584, at *5 n.5 (Tex. App.—Houston [14th Dist.] June 27, 2023, pet. denied) (mem. op.) (describing issue as "unsettled" question of law); *but see Dall. Excavation Sys., Inc. v. Orellana*, 697 S.W.3d 702, 709 (Tex. App.—Dallas 2024, no pet.) (holding, pursuant to *Morgan*, "a showing of prejudice is no longer required in order to establish waiver, at least in cases involving the FAA"). Because we hold that the Horns did not establish that TSS substantially invoked the judicial process, we need not address whether evidence of prejudice is required under Texas law post-*Morgan. See Henry v. Cash Biz, LP*, 551 S.W.3d 111, 118 (Tex. 2018) (concluding opponent did not establish that proponent substantially invoked judicial process under first prong and thus declining to reach prejudice under second prong).

yield the known right, is . . . enough to prove waiver." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996).

Whether a party waives its right to arbitration by substantially invoking the judicial process depends on the totality of the circumstances. *See G.T. Leach*, 458 S.W.3d at 512; *Perry Homes*, 258 S.W.3d at 591. We decide the issue on a case-by-case basis taking into consideration a multitude of non-exclusive factors, including:

> (1) the movant's delay in moving to compel arbitration; (2) the reasons for the movant's delay; (3) whether and when the movant learned of the arbitration agreement; (4) how much discovery the movant conducted before moving to compel arbitration, and whether that discovery related to the merits; (5) whether the movant requested disposition of any claims on the merits; (6) whether the movant asserted affirmative claims for relief in court; (7) the extent of the movant's engagement in pretrial matters related to the merits (as opposed to matters related to arbitrability or jurisdiction); (8) the amount of time and expense the parties committed to the litigation; (9) whether the discovery conducted would be unavailable or useful in arbitration; (10) whether activity in court would be duplicated in arbitration; and (11) when the case is set to be tried.

*G.T. Leach*, 458 S.W.3d at 512 (citing *Perry Homes*, 258 S.W.3d at 591–92). In general, no single factor is dispositive. *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016). Nor must all or most of these factors be present to support waiver. *See Perry Homes*, 258 S.W.3d at 591. Courts consider the specifics of each case. *Henry*, 551 S.W.3d at 116.

23

## 2. Substantial Invocation

The Horns argue that TSS waived its right to arbitrate by substantially invoking the judicial process in a manner inconsistent with the right to compel arbitration by (1) delaying moving for arbitration for more than three years, (2) responding to merits discovery and propounding merits discovery on other parties,[13] (3) designating its experts, (4) participating in a joint inspection of the Hunt refinery, and (5) participating in the deposition of a Total Supply employee and fact witness.

### a. Delay

The Horns sued TSS on July 15, 2020. TSS filed its motion to compel arbitration and stay proceedings on November 15, 2023—more than three years after suit was filed.

The Horns argue that despite knowing about the DRA all along, as evidenced by the fact that they produced it during discovery, TSS did not mention the arbitration agreement for two years and delayed moving for arbitration for more than three years. They assert that when TSS applied for an emergency stay

---

[13]   The Horns point out that TSS propounded requests for disclosure on the Horns. At the time, the Texas Rules of Civil Procedure provided that "a party may request disclosure." *In re City of Dickinson*, 568 S.W.3d 642, 646 (Tex. 2019) (orig. proceeding) (quoting former Texas Rule of Civil Procedure 194.2). The Horns assert that although Rule 194 has subsequently been amended to require automatic disclosures without request, that change only applies to "cases filed on or after January 1, 2021." This case was filed on July 15, 2020, before the amendment.

of discovery after its special appearance was denied, it did not cite the arbitration agreement as the reason to stay discovery. Instead, TSS first mentioned arbitration when it filed its answer subject to its special appearance two years after the Horns filed their lawsuit and yet still did not move to compel arbitration at that time. The Horns emphasize that TSS could have moved to compel arbitration subject to its special appearance as early as September 4, 2020—the day it filed its special appearance—but it chose not to do so. They further point to the fact that TSS filed a petition for review of this Court's ruling, affirming the denial of its special appearance, in the Texas Supreme Court and, after its petition was denied, moved for rehearing of the decision. It did this, the Horns note, rather than move to compel arbitration despite being on notice that it might not be afforded any further relief because review by the Texas Supreme Court is discretionary.

"[D]elay alone generally does not establish waiver." *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (orig. proceeding). Although the case was on file for more than three years before TSS moved to compel arbitration, the reason for most of the delay related to TSS's special appearance. *See 1776 Am. Props. VI, LLC v. First Chapel Dev., LLC*, No. 14-21-00734-CV, 2023 WL 3194401, at *4 (Tex. App.—Houston [14th Dist.] May 2, 2023, no pet.) (mem. op.) ("Thus, although the case was on file for almost three years before the motion to compel was filed, most of that time was occupied by proceedings and delays

25

related to Fisher's special appearance."). A jurisdictional motion, such as a special appearance, which does not address the merits and is subject to the due-order-of pleading rule, generally will not support waiver of a right to arbitrate. *See Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 576 (Tex. 2014) (finding defendant's filing of motion to transfer venue did not support waiver because it did not address merits of case and objections to improper venue were subject to due-order-of-pleading rule). A defendant who files a special appearance is seeking to avoid the judicial process rather than invoke it by challenging the jurisdiction of the court.

### b. Participation in Merits Discovery

The Horns also argue that TSS acted inconsistently with its claimed right to arbitrate because it actively participated in merits discovery and benefitted greatly from that discovery.[14]

A party can substantially invoke the judicial process when it participates in full discovery, files motions going to the merits, and waits until the eve of trial to seek arbitration. *In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694–95

---

[14] The Horns acknowledge that jurisdictional discovery, such as what occurred during the special appearance briefing, does not go to the merits of the case. *See Perry Homes v. Cull*, 258 S.W.3d 580, 591–92 (Tex. 2008) (considering how much pretrial activity and discovery related to merits of dispute rather than arbitrability or jurisdiction); *Garg v. Pham*, 485 S.W.3d 91, 110 n.20 (Tex. App.— Houston [14th Dist.] 2015, no pet.) (noting venue and jurisdictional motions do not constitute substantial invocation of judicial process, as could waive right to arbitration, because they do not relate to merits of case).

(Tex. 2008).  The Horns assert that while TSS's interlocutory appeal was pending, it participated in merit discovery by serving its initial disclosures; responding to the Horns' requests for production, requests for admission, and interrogatories; responding to co-defendant Edelhoff's requests for production and interrogatories; propounding its request for disclosures on the Horns; designating its experts; participating in a joint inspection of Hunt's refinery; and participating in the deposition of a Total Safety employee.

The record reflects that TSS engaged in limited discovery in the trial court. After the trial court denied its motion to stay the proceedings pending its interlocutory appeal, TSS was required to serve its initial disclosures, respond to the written discovery served upon it, and designate its expert witnesses in compliance with the Texas Rules of Civil Procedure.  The only discovery it propounded was a request for disclosure on the Horns; it served no interrogatories, request for production, or request for admission.  TSS attended a single site inspection at the Hunt refinery where the accident occurred.  The inspection was at the Horns' request, TSS did not initiate it.  TSS attended a deposition of a Total Safety employee noticed by the Horns; TSS did not notice any depositions.  This conduct falls far short of the amount and scope of discovery in other cases in which courts have held that a party waived its right to arbitrate by substantially invoking the judicial process.  *See*, *e.g.*, *Courtright v. Allied Custom Homes, Inc.*, 647

27

S.W.3d 504, 518–19 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) (affirming denial of motion to compel because party waived its right to arbitrate by substantially invoking judicial process and noting movants served forty-seven interrogatories, 135 requests for production, seven deposition notices, and two subpoenas to non-parties, plus movants "conducted many hours of depositions and generated hundreds of pages of testimony"); *Pro. Advantage Software Sols., Inc. v. W. Gulf Mar. Ass'n*, No. 01-15-01006-CV, 2016 WL 2586690, at *4 (Tex. App.— Houston [1st Dist.] May 5, 2016, no pet.) (mem. op.) (affirming denial of motion to compel because party waived its right to arbitrate by substantially invoking judicial process and considering "[s]ignificant discovery" conducted "by both parties," consisting of tens of thousands of documents produced and depositions of two witnesses, and request by movant for additional time to conduct further depositions of experts before moving to compel arbitration).

Subject to its special appearance, TSS filed its answer and affirmative defenses, which included the defense that the Horns' claims were subject to the arbitration agreement. Other than its special appearance, TSS did not file any motions seeking a ruling on any issue on the merits, request disposition of any claims on the merits, or assert affirmative claims for relief in the trial court.

Based on the totality of circumstances and taking the above factors into account, we conclude that TSS did not substantially invoke the judicial process

before moving to compel arbitration against the Horns.[15] *See 1776 Am. Props. VI*, 2023 WL 3194401, at *4 (concluding movant did not waive arbitration rights despite three-year delay in which one party filed special appearance, another party filed third-party petition and motion for default judgment, all parties attended court-ordered mediation, one party settled, and another party participated in deposition); *Garg v. Pham*, 485 S.W.3d 91, 110 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding responding to discovery, propounding limited written discovery, participating in motion for continuance, and special appearance did not waive right to arbitration). Thus, we hold that the trial court erred in denying TSS's motion to compel arbitration.

We sustain TSS's sole issue.

### Conclusion

We reverse the trial court's order denying TSS's motion to compel arbitration and remand to the trial court with instructions to grant TSS's motion to compel arbitration and for further proceedings consistent with this opinion.

Kristin M. Guiney
Justice

---

[15] In light of our conclusion that the Horns did not establish that TSS substantially invoked the judicial process under the first prong, we do not reach prejudice under the second prong. *See* TEX. R. APP. P. 47.1.

29

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.